# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

HENRY SMITH, JR., )
 )
    Plaintiff, )
 )
v. ) Case No. CV607-020
 )
KEN JACKSON, MARCUS )
WILLIAMS, and GLENNVILLE )
POLICE DEPARTMENT, )
 )
    Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On March 26, 2007, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act,

Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff, an inmate at D. Ray James State Prison, alleges that in September 2004, Glennville Police Officer Ken Jackson "repeatedly banged [his] head on the trunk of [Jackson's] patrol car" while plaintiff was handcuffed. Doc. 1. Officer Jackson then allegedly locked plaintiff in the back of the patrol car "with the windows up and the motor turned off" for two hours. Id. Plaintiff also alleges that in May 2005, Officer Marcus Williams "shackled and chained" plaintiff to a bed in the Glennville City

Jail. Id. Plaintiff seeks to be compensated from his alleged "pain and suffering, emotional distress," and "defamation of [his] character." Id.

Plaintiff's allegations against Officer Jackson are time-barred. According to the complaint, the incident involving Officer Jackson occurred sometime during September 2004. Doc. 1. He did not file his complaint, however, until March 22, 2007. Id. It is well settled that a § 1983 action arising in Georgia is barred if not commenced within two years after the cause of action accrues. Mullinax v. McElhenny, 817 F.2d 711, 716 (11th Cir. 1987); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries.").[1] In this circuit a § 1983 claim accrues when the "'facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" Rozar v. Mullis, 85 F.3d 556, 561-62 (11th Cir. 1996) (quoting Mullinax, 817 F.2d at 716). Plaintiff, therefore, should have filed this claim no later than September 2006.

Plaintiff's complaint against the Glennville Police Department also

---

[1] O.C.G.A. § 9-3-33 provides, in relevant part, that "[a]ctions for injuries to the person shall be brought within two years after the right to the action accrues . . . ."

should be dismissed since it is not an entity subject to suit under § 1983. See Lovelace v. Dekalb Central Probation, 144 Fed. Appx. 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities subject to suit); Lesikar v. Medical Staff, 2002 WL 441404, at *4 (N.D. Tex. Mar. 19, 2002) (citing Darby v. Pasadena Police Dep't., 939 F.2d 311 (5th Cir. 1991) (holding that police department not capable of being sued).

With regard to plaintiff's claim against Officer Williams, the Court is unable to determine whether Williams's use of restraint against plaintiff rises to the level of a constitutional violation since shackling and other methods of restraint are proper in certain circumstances. See Campbell v. Sikes, 169 F.3d 1353, 1377-78 (11th Cir. 1999) (use of the "L" shape method of restraint and straightjacket against prisoner who posed a serious threat to herself and others did not constitute cruel and unusual punishment); Key v. McKinney, 176 F.3d 1083, 1086 (8th Cir. 1999) (use of handcuffs and shackles to restrain prisoner for 24 hours after he threw water on corrections officer did not violate Eighth Amendment); LeMaire

v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (shackling a dangerous inmate while showering does not violate Eighth Amendment); Williams v. Burton, 943 F.2d 1572, 1575 (11th Cir. 1991) (use of four-point restraints did not violate the Eight Amendment when officials were attempting to quell disturbance caused by prisoner). Plaintiff is DIRECTED to amend his complaint to provide a more particularized account of his claim against Officer Williams so the Court may properly screen plaintiff's complaint before directing service on defendant Williams.

Based on the foregoing, plaintiff's complaint against defendants Ken Jackson and the Glennville Police Department should be DISMISSED. Plaintiff is DIRECTED to amend his complaint as to his claim against defendant Williams within twenty days of the date of this Order.

**SO REPORTED AND RECOMMENDED** this 13th day of July, **2007.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA